IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HERON THERAPEUTICS, INC.,    )
                             )
            Plaintiff,       )
                             )
    v.                       )    C.A. No. _____
                             )
MYLAN PHARMACEUTICALS INC.,  )
                             )
            Defendant.       )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Heron Therapeutics, Inc. ("Heron"), for its Complaint against Defendant Mylan

Pharmaceuticals Inc. ("Mylan") hereby alleges as follows:

## THE PARTIES

1. Heron is a corporation organized and existing under the laws of Delaware, having

a place of business at 4242 Campus Point Court, Suite 200, San Diego, California 92121.

2. Upon information and belief, Mylan is a corporation organized and existing under

the laws of the State of West Virginia, having a place of business at 3711 Collins Ferry Road,

Morgantown, West Virginia 26505.

3. Upon information and belief, Mylan develops, manufactures, markets, sells,

distributes, and/or imports generic pharmaceutical versions of branded products throughout the

United States, including in this judicial district.

## NATURE OF THE ACTION

4. This is a civil action for infringement of United States Patent Nos. 9,561,229 ("the

'229 patent"), 9,808,465 ("the '465 patent"), 9,974,742 ("the '742 patent"), 9,974,793 ("the '793

patent"), 9,974,794 ("the '794 patent"), 10,500,208 ("the '208 patent"), 10,624,850 ("the '850

patent"), 10,953,018 ("the '018 patent"), 11,173,118 ("the '118 patent"), and 11,744,800 ("the

'800 patent") (collectively, "the patents-in-suit").  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

## JURISDICTION & VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, 2202, and 35 U.S.C. § 271.  This Court may declare the rights and other legal relations of the parties under 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

6.      This Court has personal jurisdiction over Mylan.  On information and belief, Mylan intends to market, sell, and/or distribute generic pharmaceutical drug products within this state and to residents of this state, including the generic drug product that is the subject of ANDA No. 218851.  The submission of ANDA No. 218851 and the marketing, offer for sale, sale, distribution, and/or importation of the generic drug product that is the subject of ANDA No. 218851 infringes the patents-in-suit and will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware.  On information and belief, Mylan has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement that has led to and/or will lead to foreseeable harm and injury to Heron, a Delaware corporation, in the State of Delaware.  Additionally, on information and belief, Mylan is registered to do business in Delaware (File No. 4809319) and has appointed an agent in Delaware to receive service of process. This Court further has personal jurisdiction over Mylan for other reasons that will be presented to the Court if jurisdiction is challenged.

7.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.  Venue is proper in this district with respect to Mylan for the reasons set forth above, including because Mylan has committed acts of infringement in this judicial district, and, upon information and

belief, Mylan will commit further acts of infringement in this judicial district.  Venue is proper with respect to Mylan for other reasons that will be presented to the Court if venue is challenged.

## THE PATENTS-IN-SUIT

8.    Heron is the owner of the '229 patent, titled "Emulsion Formulations of Aprepitant."  The '229 patent was duly and legally issued on February 7, 2017.  A copy of the '229 patent is attached as Exhibit A.

9.    Heron is the owner of the '465 patent, titled "Emulsion Formulations of Aprepitant."  The '465 patent was duly and legally issued on November 7, 2017.  A copy of the '465 patent is attached as Exhibit B.

10.    Heron is the owner of the '742 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof."  The '742 patent was duly and legally issued on May 22, 2018.  A copy of the '742 patent is attached as Exhibit C.

11.    Heron is the owner of the '793 patent, titled "Emulsion Formulations of Aprepitant."  The '793 patent was duly and legally issued on May 22, 2018.  A copy of the '793 patent is attached as Exhibit D.

12.    Heron is the owner of the '794 patent, titled "Emulsion Formulations of Aprepitant."  The '794 patent was duly and legally issued on May 22, 2018.  A copy of the '794 patent is attached as Exhibit E.

13.    Heron is the owner of the '208 patent, titled "Emulsion Formulations of Aprepitant."  The '208 patent was duly and legally issued on December 10, 2019.  A copy of the '208 patent is attached as Exhibit F.

14.    Heron is the owner of the '850 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof."  The '850 patent was duly and legally issued on April 21, 2020.  A copy of the '850 patent is attached as Exhibit G.

15. Heron is the owner of the '018 patent, titled "Emulsion Formulations of Aprepitant." The '018 patent was duly and legally issued on March 23, 2021. A copy of the '018 patent is attached as Exhibit H.

16. Heron is the owner of the '118 patent, titled "Emulsion Formulations of an NK-1 Receptor Antagonist and Uses Thereof." The '118 patent was duly and legally issued on November 16, 2021. A copy of the '118 patent is attached as Exhibit I.

17. Heron is the owner of the '800 patent, titled "Methods of Use of Emulsion Formulations of an NK-1 Receptor Antagonist." The '800 patent was duly and legally issued on September 5, 2023. A copy of the '800 patent is attached as Exhibit J.

## ACTS GIVING RISE TO THIS ACTION

18. Heron holds New Drug Application ("NDA") No. 216457 for an injectable emulsion for intravenous use containing 32mg/4.4mL (7.2 mg/mL) aprepitant as the active ingredient, which was approved by the Food and Drug Administration ("FDA") on September 16, 2022. Heron markets and sells this injectable emulsion in the United States under the brand name Aponvie®.

19. Aponvie® (aprepitant) is indicated for the prevention of postoperative nausea and vomiting in adults.

20. Pursuant to 21 U.S.C. § 355(b)(1), the patents-in-suit are listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") for Aponvie®.

21. Upon information and belief, Mylan submitted ANDA No. 218851 to the FDA under 21 U.S.C. § 355(j) seeking FDA approval to engage in the commercial manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of an

injectable emulsion containing 32mg/4.4mL (7.2 mg/mL) aprepitant ("the Mylan Generic Product") prior to the expiration of the patents-in-suit.

22.     Upon information and belief, by filing ANDA No. 218851, Mylan has certified to the FDA that the Mylan Generic Product has the same active ingredient as Aponvie®, the same or substantially the same indications as Aponvie®, and the same or substantially the same proposed labeling directing the use thereof as Aponvie®.

23.     Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Mylan certified in ANDA No. 218851 that the claims of the patents-in-suit are invalid and/or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Mylan Generic Product.

24.     On December 18, 2023, Heron received written notification of Mylan's ANDA No. 218851 and its accompanying § 505(j)(2)(A)(vii)(IV) certification by FedEx®470 F. Supp. 2d 435 in a Paragraph IV Certification Notice Letter dated December 15, 2023 ("Mylan's Notice Letter").

25.     Upon information and belief, the proposed Mylan Generic Product, any commercial manufacture, use, sale, and/or offer to sell this product for sale within the United States, and/or any importation this product into the United States, meets or embodies all elements of one or more claims of each of the patents-in-suit.

26.     This action was filed within 45 days of Heron receiving Mylan's Notice Letter.

## COUNT I
## INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 9,561,229

27.     Heron re-alleges paragraphs 1-26 as if fully set forth herein.

28.    Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '229 patent under 35 U.S.C. § 271(e)(2)(A).

29.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '229 patent.

30.    Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

31.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '229 patent will infringe and/or induce and/or contribute to the infringement of the '229 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

32.    In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement for the claims of the '229 patent separate and apart from any assertions of obviousness of those claims.

33.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '229 patent, or any later expiration of exclusivity for the '229 patent to which Heron is or becomes entitled.

34.    Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports

the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '229 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

35.    Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

36.    Upon information and belief, Mylan was aware of the existence of the '229 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '229 patent constituted an act of infringement of that patent.

## COUNT II
## INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 9,808,465

37.    Heron re-alleges paragraphs 1-36 as if fully set forth herein.

38.    Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '465 patent under 35 U.S.C. § 271(e)(2)(A).

39.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '465 patent.

40.    Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

41.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '465 patent will infringe and/or induce and/or contribute to

the infringement of the '465 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

42.    In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement for the claims of the '465 patent separate and apart from any assertions of obviousness of those claims.

43.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '465 patent, or any later expiration of exclusivity for the '465 patent to which Heron is or becomes entitled.

44.    Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '465 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

45.    Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

46.    Upon information and belief, Mylan was aware of the existence of the '465 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '465 patent constituted an act of infringement of that patent.

## COUNT III
## INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 9,974,742

47.    Heron re-alleges paragraphs 1-46 as if fully set forth herein.

48.    Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '742 patent under 35 U.S.C. § 271(e)(2)(A).

49.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '742 patent.

50.    Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

51.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '742 patent will infringe and/or induce and/or contribute to the infringement of the '742 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) either literally or under the doctrine of equivalents.

52.    In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement for the claims of the '742 patent separate and apart from any assertions of obviousness of those claims.

53.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '742 patent, or any later expiration of exclusivity for the '742 patent to which Heron is or becomes entitled.

54.    Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports

the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '742 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

55. Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

56. Upon information and belief, Mylan was aware of the existence of the '742 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '742 patent constituted an act of infringement of that patent.

**COUNT IV**
**INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 9,974,793**

57. Heron re-alleges paragraphs 1-56 as if fully set forth herein.

58. Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '793 patent under 35 U.S.C. § 271(e)(2)(A).

59. Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '793 patent.

60. Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

61. Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '793 patent will infringe and/or induce and/or contribute to

the infringement of the '793 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

62.    In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement the claims of the '793 patent separate and apart from any assertions of obviousness of those claims.

63.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '793 patent, or any later expiration of exclusivity for the '793 patent to which Heron is or becomes entitled.

64.    Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '793 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

65.    Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

66.    Upon information and belief, Mylan was aware of the existence of the '793 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '793 patent constituted an act of infringement of that patent.

### COUNT V
### INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 9,974,794

67.    Heron re-alleges paragraphs 1-66 as if fully set forth herein.

68.    Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '794 patent under 35 U.S.C. § 271(e)(2)(A).

69.     Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '794 patent.

70.     Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

71.     Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '794 patent will infringe and/or induce and/or contribute to the infringement of the '794 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

72.     In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement the claims of the '794 patent separate and apart from any assertions of obviousness of those claims.

73.     Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '794 patent, or any later expiration of exclusivity for the '794 patent to which Heron is or becomes entitled.

74.     Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '794 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

75.     Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

76.     Upon information and belief, Mylan was aware of the existence of the '794 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '794 patent constituted an act of infringement of that patent.

## COUNT VI
## INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 10,500,208

77.     Heron re-alleges paragraphs 1-76 as if fully set forth herein.

78.     Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '208 patent under 35 U.S.C. § 271(e)(2)(A).

79.     Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '208 patent.

80.     Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

81.     Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '208 patent will infringe and/or induce and/or contribute to the infringement of the '208 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g) either literally or under the doctrine of equivalents.

82.     In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement for the claims of the '208 patent separate and apart from any assertions of obviousness of those claims.

83.     Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '208 patent, or any later expiration of exclusivity for the '208 patent to which Heron is or becomes entitled.

84.     Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '208 patent under 35 U.S.C. §§ 271(a), (b), (c), and/or (g).

85.     Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

86.     Upon information and belief, Mylan was aware of the existence of the '208 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '208 patent constituted an act of infringement of that patent.

**COUNT VII**
**INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 10,624,850**

87.     Heron re-alleges paragraphs 1-86 as if fully set forth herein.

88.     Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '850 patent under 35 U.S.C. § 271(e)(2)(A).

89.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '850 patent.

90.    Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

91.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '850 patent will infringe and/or induce and/or contribute to the infringement of the '850 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

92.    In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement for the claims of the '850 patent separate and apart from any assertions of obviousness of those claims.

93.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '850 patent, or any later expiration of exclusivity for the '850 patent to which Heron is or becomes entitled.

94.    Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '850 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

95.    Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

96.    Upon information and belief, Mylan was aware of the existence of the '850 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '850 patent constituted an act of infringement of that patent.

## COUNT VIII
## INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 10,953,018

97.    Heron re-alleges paragraphs 1-96 as if fully set forth herein.

98.    Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '018 patent under 35 U.S.C. § 271(e)(2)(A).

99.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '018 patent.

100.    Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

101.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '018 patent will infringe and/or induce and/or contribute to the infringement of the '018 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

102.    In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement for the claims of the '018 patent separate and apart from any assertions of obviousness of those claims.

103.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '018 patent, or any later expiration of exclusivity for the '018 patent to which Heron is or becomes entitled.

104.    Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '018 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

105.    Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

106.    Upon information and belief, Mylan was aware of the existence of the '018 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '018 patent constituted an act of infringement of that patent.

## COUNT IX
## INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 11,173,118

107.    Heron re-alleges paragraphs 1-106 as if fully set forth herein.

108.    Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '118 patent under 35 U.S.C. § 271(e)(2)(A).

109.    Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '118 patent.

110.    Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

111.    Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '118 patent will infringe and/or induce and/or contribute to the infringement of the '118 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

112.    In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement for the claims of the '118 patent separate and apart from any assertions of obviousness of those claims.

113.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '118 patent, or any later expiration of exclusivity for the '118 patent to which Heron is or becomes entitled.

114.    Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '118 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

115. Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court. Heron does not have an adequate remedy at law.

116. Upon information and belief, Mylan was aware of the existence of the '118 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '118 patent constituted an act of infringement of that patent.

## COUNT X
## INFRINGEMENT BY MYLAN OF U.S. PATENT NO. 11,744,800

117. Heron re-alleges paragraphs 1-116 as if fully set forth herein.

118. Mylan's submission of ANDA No. 218851 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '800 patent under 35 U.S.C. § 271(e)(2)(A).

119. Upon information and belief, the manufacture, use, sale, and/or offer for sale within the United States, and/or importation into the United States, of the proposed Mylan Generic Product meets or embodies all elements of one or more claims of the '800 patent.

120. Upon information and belief, Mylan intends to and will engage in the commercial manufacture use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product if it receives FDA approval of ANDA No. 218851.

121. Upon information and belief, the commercial manufacture, use, sale, and/or offer for sale, within the United States, and/or import into the United States of the Mylan Generic Product prior to the expiration of the '800 patent will infringe and/or induce and/or contribute to the infringement of the '800 patent under 35 U.S.C. §§ 271(a), (b), and/or (c) either literally or under the doctrine of equivalents.

122.    In Mylan's Notice Letter, Mylan did not set forth an opinion of noninfringement for the claims of the '800 patent separate and apart from any assertions of obviousness of those claims.

123.    Heron is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Mylan's ANDA No. 218851 be a date that is not earlier than the expiration of the '800 patent, or any later expiration of exclusivity for the '800 patent to which Heron is or becomes entitled.

124.    Heron is entitled to a declaration that, if Mylan commercially manufactures, uses, offers for sale, and/or sells the proposed Mylan Generic Product within the United States, imports the proposed Mylan Generic Product into the United States, and/or induces and/or contributes to such conduct, Mylan will infringe one or more claims of the '800 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

125.    Heron will be irreparably harmed by Mylan's infringing activities unless those activities are enjoined by this Court.  Heron does not have an adequate remedy at law.

126.    Upon information and belief, Mylan was aware of the existence of the '800 patent and was aware that the filing of ANDA No. 218851 and the certification with respect to the '800 patent constituted an act of infringement of that patent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Heron requests that the Court grant the following relief:

A.    A judgment decreeing that Mylan has infringed one or more claims of each patent-in-suit by submitting ANDA No. 218851;

B.    A judgment decreeing that Mylan will infringe one or more claims of each patent-in-suit if it commercially manufactures, uses, offers for sale, or sells the proposed Mylan Generic

Product within the United States, imports the proposed Mylan Generic Product into the United States, or induces and/or contributes to such conduct;

C.       An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any FDA approval of Mylan's ANDA No. 218851 be a date not earlier than the latest expiration date of the patents-in-suit, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which Heron is or becomes entitled;

D.       A permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) or 35 U.S.C. § 283 restraining and enjoining Mylan, its directors, officers, agents, attorneys, affiliates, divisions, successors, and employees, and those acting in privity or concert with them, from commercially manufacturing, using, offering to sell, and/or selling within the United States, or importing into the United States the Mylan Generic Product and any other product that infringes or induces or contributes to the infringement of one or more of the patents-in-suit, prior to the expiration of the patents-in-suit, including any exclusivities or extensions to which Heron is or become entitled;

E.       A declaration that this case is an exceptional case pursuant to 35 U.S.C. § 285 and Heron be awarded its attorneys' fees; and

F.       Such other and further relief as this Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
Anthony D. Raucci (#5948)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com
araucci@morrisnichols.com

OF COUNSEL:

Bruce M. Wexler
Isaac S. Ashkenazi
Christopher P. Hill
Mark Russell Sperling
PAUL HASTINGS LLP
200 Park Avenue
New York, NY 10166
(212) 318-6000

January 11, 2024

*Attorneys for Plaintiff Heron Therapeutics, Inc.*